IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN KEITH HART,

    Petitioner,

v.                                                          Civil Action No. **3:13cv160**

VIRGINIA DEPARTMENT OF CORRECTIONS,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered September 8, 1995, the Court denied a 28 U.S.C. § 2254 petition from Brian Keith Hart challenging his 1989 convictions of distribution of cocaine, obstruction of justice, and assault and battery in the Circuit Court of the City of Suffolk. *See Hart v. Snodgrass*, No. 3:95CV181, at 1, 14 (E.D. Va. Sept. 8, 1995). Hart now brings a second petition filed pursuant to 28 U.S.C. § 2254 challenging the same convictions and sentence. (ECF No. 6.)[1]

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to

---

[1] Hart suggests that he may bring the claims that this Court previously found defaulted in a second habeas petition because the Court never addressed these claims on the merits. Hart offers no authority or persuasive argument for this proposition. (Br. Opp'n Mot Dismiss 1–3.)

file the present § 2254 petition. Therefore, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. The action will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Hart fails to satisfy this standard, a COA will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: 11/26/13
Richmond, Virginia